146

## In re BANNISTER.
### Patent Appeal No. 3131.

Court of Customs and Patent Appeals.
May 22, 1933.

John Boyle, Jr., of Washington, D. C., and F. M. Crawford, of Terre Haute, Ind., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has made application in the United States Patent Office for a patent upon an alleged improved process of producing purefied diacetone alcohol. All the claims of the application, six in number, were rejected by both Patent Office tribunals. The rejection by the Board of Appeals was upon the following references: Muller, 662,172, November 20, 1900. Doerflinger, 1,066,474, July 8, 1913. Lassar-Cohn, Manual of Organic Chemistry (1895), pp. 36, 37.

The rejected claims are as follows:

"1. A process for purifying diacetone alcohol which comprises aerating the liquid while maintaining it at 40–100° C. and under a partial vacuum.

"2. A process for purifying diacetone alcohol which comprises aerating the liquid while maintaining it at about 75° C. and under a partial vacuum.

"3. A process for purifying diacetone alcohol which comprises aerating the liquid while maintaining it at about 75° C. and under a partial vacuum of about 15 inches of mercury.

"4. A process for removing acetone and mesityl oxide from diacetone alcohol which comprises aerating the mixture while maintaining it at 40–100° C. and under a partial vacuum, and cooling the gases produced by said aeration to liquify the vaporized acetone and mesityl oxide.

"5. A process for removing acetone and mesityl oxide from diacetone alcohol which comprises aerating the mixture while maintaining it at 40–100° C. and under a partial vacuum, cooling the gases produced by said aeration to liquify acetone and mesityl oxide, removing said liquid from the process, reducing the residual gas to atmospheric pressure, and absorbing the residual vapors therefrom.

"6. A process for removing acetone and mesityl oxide from diacetone alcohol which comprises aerating the mixture while maintaining it at about 75° C. and under a partial vacuum, cooling the gases produced by said aeration to liquify acetone and mesityl oxide, removing said liquid from the process, reducing the residual gas to atmospheric pressure, and absorbing the residual vapors therefrom."

The appellant makes the following summary of his process in his specification: "* * * Briefly my process consists in subjecting the impure diacetone alcohol to a partial vacuum (about 15 inches of mercury) at a temperature of about 40–100° C. while passing a suitable gas through the liquid to aid in volatizing the acetone therefrom. * * * *"

The appellant claims that by this process, because of his partial vacuum and the low temperature he employs, he does not boil his mixture, and, as a consequence, his diacetone alcohol is not distilled over, but remains in a purified form, in the first container. He contends that the methods of the references will boil the mixture, distill over the diacetone alcohol, will result in a much less pure product, and are not commercially successful. As to his own process, appellant, on his application for rehearing by the board, filed four affidavits, some of which show appellant's process to be successful commercially, and which distinguish, or attempt to distinguish, appellant's process from those of the references.

It will be observed, from a reading of the claims, that appellant relies upon three elements which he claims produce a new, unexpected, and useful result, namely, a partial vacuum, which he claims to be of about 15 inches of mercury, a low degree of heat, from

40 to 100 degrees Centigrade, preferably 75 degrees, and, lastly aerating the liquid during distillation.

The reference Doerflinger is a process patent upon a method of producing diacetone alcohol. Doerflinger describes his process as one of treating acetone "with a suitable alkaline condensing agent in the presence of inert organic liquid which is a solvent of the alkaline condensing agent and which is soluble in acetone." After having so processed his acetone, the inventor recites that the resulting mixture contains diacetone alcohol, solvent, condensing agent and excess acetone. This, he says, may be "separated into its constituents as by fractional vacuum distillation."

The appellant contends this is the ordinary boiling, distillation process, in which diacetone alcohol passes over. However, the Board observes that it does not so understand Doerflinger, and cites the following from his specification: "* * * I then neutralize the caustic potash with acetic acid using a slight excess and distil off the excess of acetone and wood alcohol using a fractionating column and discontinuing the distillation when little more passes over at a temperature of 70° C. The residue of crude diacetone alcohol I purify by vacuum distillation, fractionating if high purity, which is unnecessary for many purposes, is desired."

As we understand this language, it is a quite clear statement that the process is carried on at a low temperature; namely, 70 degrees Centigrade. It also seems quite obvious that his diacetone alcohol remains in the first container and does not distill over.

The reference Müller is a patent on a process for producing dealcoholized fermented beverages. Müller's process consists in "subjecting the alcohol-containing beverage to distillation at less than ordinary atmospheric pressure in an atmosphere of carbonic-acid gas." He facilitates this process by passing a stream of inert gas through the mixture in the distilling container.

The reference Lassar-Cohn discloses the advantages of distillation in vacuo, showing that many substances may be distilled under diminished pressure, which would decompose if treated in the ordinary way.

We agree with the Board of Appeals that the claims herein do not involve invention over the Doerflinger patent, in view of the other cited references. The decision of the Board of Appeals is therefore affirmed.

Affirmed.